UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF SYWULA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEXIS DACOSTA, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 21-cv-01450-BAS-AGS<br><br>**ORDER:**<br><br>**(1) DENYING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER (ECF No. 9);**<br><br>**(2) DIRECTING DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE AND HEARING DATE FOR PRELIMINARY INJUNCTION** |

　　　　Pending before this Court is Plaintiff's *ex parte* application for a temporary restraining order or, in the alternative, a preliminary injunction. (Mot. for a TRO ("Mot."), ECF No. 9.) Defendants opposed (Opp'n, ECF No. 14) and Plaintiff replied (Reply, ECF

No. 16).[1]  The Court finds the Motion for a TRO suitable for determination on the papers and submitted without oral argument.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1).  For the reasons set forth below, the Court **DENIES** Plaintiff's application for a TRO and **ORDERS** Defendants to show cause why a preliminary injunction should not issue.

I.   BACKGROUND

Plaintiff Krzyszstof Sywula ("Sywula" or "Plaintiff") commenced this action in federal court on August 15, 2021 against Defendants Alexis DaCosta ("DaCosta"), Vincent Coletti ("Coletti"), and Teleport Mobility, Inc. ("Teleport" or "Company" and, together with DaCosta and Coletti, "Defendants").  (Compl., ECF No. 1.)  By this action, Sywula seeks to correct inventorship pursuant to 35 U.S.C. § 256 of three United States Patents recently issued to Teleport:  Patent No. 11,087,250 titled "Interactive Real Time System And Real Time Method of Use Thereof In Conveyance Industry Segments"; Patent No. 11,087,252 titled "Interactive Real Time System And Real Time Method of Use Thereof In Conveyance Industry Segments"; and Patent No. 11,087,253 titled "Interactive Real Time System and Real Time Method of use Thereof In Conveyance Industry Segments" ("Patents").[2]  (Compl. ¶ 6.)  The named inventors of those Patents are DaCosta and Coletti only.  (Declaration of Krzysztof Sywula ("Sywula Decl.") ¶ 25, ECF No. 12.)  However, Sywula asserts that he "solely [was] responsible for [engineering] and developing the software and algorithms" underlying Teleport's ride-sharing application, which are prominently claimed in the claims of the above-mentioned Patents, not DaCosta and Coletti.  (*Id.* ¶¶ 26, 51–58.)

---

[1] The parties also submitted additional sur-reply papers beyond the scope of the Court's September 14, 2021 Order setting a briefing schedule for the Motion for a TRO ("Scheduling Order") (ECF No. 13), and without first seeking leave.  (ECF Nos. 20–23, 26.)  Despite the parties' procedural miscues, the Court has reviewed those papers as well.

[2] Sywula commenced in San Diego Superior Court a separate, related action against DaCosta, Coletti, Teleport, and others, in which he asserts various wage-and-hour violations, fraud, infliction of emotional distress, breach of fiduciary duty, conversion, and breach of contract.  It was removed to federal court on August 16, 2021.  *See Krzysztof Sywula v. Alexis DaCosta, et al.*, 21-CV-01456-BAS-AGS (Notice of Removal, ECF No. 1).

On August 15, 2021, Sywula filed *ex parte* his Motion for a TRO seeking "to enjoin Teleport from transferring any rights under the [P]atents …, pending resolution of the inventorship issues" pertaining to those Patents raised in the present action.[3] (Mot. 1.) Pursuant to this Court's Scheduling Order, Defendants opposed and Sywula replied (ECF No. 13). (ECF Nos. 14, 16.)

Defendants oppose Sywula's application on three principal bases. First, Defendants contend that the Motion for a TRO should be denied because the Patents are covered by assignments Sywula executed in 2016 and 2019 and, thus, Sywula lacks standing to prosecute this action. (Opp'n 14–17; Consulting Agreement, Ex. 1 to Declaration of Alexis DaCosta ("DaCosta Decl."), ECF No. 14–2; Teleport's Employee Proprietary Information and Inventions Agreement ("PIIA"), Ex. 2 to DaCosta Decl., ECF No. 14–3.) Second, Defendants aver that Sywula vastly overstates his contributions to the Patents in order to qualify as an inventor. (Opp'n 23–25.) Third, Defendants argue that the first-to-file rule precludes the issuance of a TRO, as there is currently an action pending in the Northern District of California, captioned *Teleport Mobility Inc., et al., v. Krzysztof Sywula*, No. 21 Civ. 00874, commenced February 3, 2021, which Defendants claim overlaps substantially with this case. (Opp'n 19–21.) Defendants contend that Sywula's inventorship claim must be brought as a compulsory counterclaim in the first-filed action. (*Id.* 21.)

In response, Sywula disputes Defendants' contention that he assigned away his rights respecting the Patents. Moreover, Sywula claims that even assuming *arguendo* the Consulting Agreement and/or PIIA apply to the Patents, he still has standing to prosecute this action because (1) those assignments are void and (2) he has suffered reputational harm

---

[3] Without specifying to which patents he refers, Sywula also asks this Court to enjoin Teleport from transferring any rights under patents that are the subject of a first-filed lawsuit between the parties in the Northern District of California. (Mot. 1 (citing *Teleport Mobility Inc. et al. v. Sywula*, Case No. 3:21-cv-874 (N.D. Cal. Feb. 3, 2021)).) Because Sywula fails to explain how this strand of his request for injunctive relief relates to the allegations of the Complaint, this Court finds that it lacks authority to grant such relief and will consider Sywula's application only to the extent he seeks to enjoin the Patents identified in the Complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) ("We hold that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").

from his exclusion as an inventor, an alleged independent basis for standing. (Reply 5–10.) Sywula further argues that the first-to-file rule is inapplicable here because his Complaint seeks declaratory relief pertaining to the Patents and, thus, falls within a recognized exception to the first-to-file rule. (Reply 3 (citing *Knapp v. Depuy Synthes Sales, Inc.*, 983 F. Supp. 2d 1171, 1178 (E.D. Cal. 2015)).)

## II.     LEGAL STANDARD

A temporary restraining order is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("*Winter*").[4] A district court should issue a temporary restraining order only when there is "clear showing that plaintiff is entitled to such relief. *Id.* at 22. Movants seeking a temporary restraining order "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest" ("*Winter* Test"). *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* [T]est are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (interpreting *Winter* and explaining that the 'sliding scale' test for preliminary injunctive relief remains valid). A "serious question" is one which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1421 (9th Cir. 1984).

## III.    ANALYSIS

"A plaintiff seeking a preliminary injunction must show more than a 'possibility' of irreparable injury'; he must demonstrate that irreparable injury is 'likely' in the absence of

---

[4] Although the Supreme Court in *Winter* expatiated the proper standard for granting or denying a preliminary injunction, it is well-settled that the standard for issuing a temporary restraining order and a preliminary injunction is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 & 839 n.7 (9th Cir. 2001).

preliminary relief." *JBF Interlude 2009 Ltd. v. Quibi Holdings, LLC*, Nos. 2:20-CV-02299-CAS (SKx), 2:20-CV-02250-CAS (SKx), 2020 WL 7314845, at *2 (C.D. Cal. Nov. 5, 2020) (quoting *Winter*, 555 U.S. at 22); *see also Am. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). "A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to [a temporary restraining order]." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). Indeed, conclusory affidavits without sufficient support in facts are insufficient to demonstrate immediate, irreparable harm. *Am. Passage Media Corp. v. Cass Comms., Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (emphasis in original).

The Court does not—and need not—reach the merits of Sywula's inventorship claim—or, for that matter, the defenses raised by Defendants in their papers—because absent from the declarations Sywula submits in support of his Motion for a TRO are even speculative attestations of irreparable harm. *See JBF Interlude 2009 Ltd.*, 2020 WL 7314845, at *2 (denying TRO in patent inventorship action without considering likelihood of success on the merits where movant failed to demonstrate more than speculative irreparable harm). Wherever courts might draw the line between 'merely speculative' irreparable harm, on the one hand, and factually supported assertions of an immediate threatened injury justifying *ex parte* relief, on the other hand, Sywula's Motion for a TRO falls far below it, for Sywula simply does not provide any evidentiary material addressing the second prong of the *Winter* Test. (ECF Nos. 12-1, 17–20); *see, e.g.*, *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."); *Goldie's Bookstore, Inc. v. Superior* Court, 739 F.2d 466, 472 (9th Cir. 1984) (overturning trial court's issuance of TRO where finding of irreparable harm was "not based on any factual allegations" and, thus, "speculative"); *Knapp v. Cate*, No. 1:08-cv-01779-SKO PC, 2010 WL 4323023, at *2 (E.D. Cal. Oct. 26, 2010) ("A party seeking a temporary restraining order or preliminary injunction simply

cannot prevail when that motion is unsupported by evidence."). For this reason alone, the Court has ground to find Sywula cannot satisfy the *Winter* Test, and that his Motion for a TRO must be denied.

Nevertheless, because courts are not limited to considering only admissible evidence when determining whether to grant or deny an application for a temporary restraining order, this Court also considers the claims of irreparable harm made in Sywula's supporting briefs. *RBP SA v. Hyla, Inc.*, No. LA CV20-04105 JAK (SKx), 2020 WL 3213737, at *5 (C.D. Cal. June 2, 2020). Here, Sywula avers that "[g]iven Teleport's past actions to intentionally sabotage Sywula … there is a great risk of Teleport transferring the patents to a different entity in order to reduce the value of Sywula's shares to practically zero." (Mot. 14; *see also* Reply 5 ("After years of being strung along by Teleport and its lawyers on the promise of his legally earned inventorship, Sywula reasonably fears that without an injunction, Teleport will once again scheme to prevent him from gaining any benefit at all from his years of laboring over the ride-sharing application.").) In essence, Sywula asks this Court to infer from Defendants' alleged past conduct that they will take some nonspecific step in the future to derogate Sywula's purported rights respecting the Patents.

To be sure, Sywula alleges that he was solely responsible for engineering the technologies that comprise the subject matter of the Patents; that DaCosta and Coletti have no software experience or capability to assess or explain that technology or advocate for the patents' registration; and, despite that, DaCosta and Teleport omitted Sywula as an inventor in the Patents' applications. (Sywula Decl. ¶¶ 4–5, 24–25.) However, the most recent act about which Sywula complains took place in January 2021 when Teleport's patent counsel allegedly failed to follow through on her promise to amend the Patents to name Sywula as an inventor therein. (*Id.* ¶¶ 23–25; *see* Compl. ¶ 38). Sywula does not identify in his Motion for a TRO any current conduct of Defendants' that would warrant *ex parte* relief. Nor does Sywula assert that Defendants have threatened, or are in the process of undertaking, any action to assign, transfer, or otherwise encumber the Patents in a manner that would cause imminent, irreparable harm. *See JBF Interlude 2009 Ltd.*,

2020 WL 7314845, at *2 (denying TRO where movant "d[id] not provide additional evidence—such as an assertion that [nonmovant] agreed to a transaction encumbering its IP assets, has announced its intention to distribute funds to investors by a particular date, or has taken legal action to dissolve []—that might justify immediate *ex parte* relief."); *see also Caribbean Marine*, 844 F.2d at 674.

Furthermore, Sywula does not show that Teleport's possible transfer of the Patents would likely inflict upon him irreparable harm. Sywula claims that the "[P]atents are Teleport's main asset and at the heart of the [C]ompany, a transfer of these patents *could* very well harm Sywula's 4[9]-percent ownership interest in the [C]ompany in ways that are difficult to calculate or measure." (*Id*. (emphasis added).) That assertion is not made with any degree of certainty, let alone evidentiary support. *Winter*, 555 U.S. at 22 ("Issuing a [temporary restraining order] based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."); *Stormans, Inc. v. Selecky*, 576 F.3d 1109, 1127 (9th Cir. 2009). Thus, Sywula's claim of irreparable injury is purely speculative and "does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674.

Sywula cites several cases in support of his assertion that "[i]n other settings, interim injunctive relief has been granted to prevent a potentially fraudulent transfer of disputed property to an unsuspecting bona fide purchaser or in any other manner designed to 'place those assets further out of reach of [the plaintiff].'" (Reply 4 (quoting *Pheasant v. Zaremba*, 398 B.R. 583, 590 (N.D. Ohio 2008) and citing *DLJ Mortg. Cap., Inc. v. Kontogiannis*, 594 F. Supp. 2d 308, 332 (E.D.N.Y. 2008); *Kaisha v. Dodson*, No. 08-0225 SC, 2009 WL 1066295, at *1 (N.D. Cal. Apr. 21, 2009)).) This Court is neither bound by nor finds persuasive any of these authorities. Each of the decisions upon which Sywula relies lacks substantive analysis into whether the movants' alleged irreparable harm was "imminent" as opposed speculative; these decisions do not explain why they veered from the standard set forth by the Supreme Court in *Winter*. As explained above, the Ninth

Circuit has instructed that for a temporary restraining order to issue, a movant "must demonstrate immediate threatened injury." *Caribbean Marine*, 844 F.2d at 674. This Court may not ignore Sywula's failure to present any evidence in support of such a finding on the basis that several trial courts in other circuits have issued injunctive relief without probing likelihood of injury.

Because Sywula fails to demonstrate that there is an emergency such that he is likely to suffer an imminent, irreparable injury, the Court denies his Motion for a TRO without prejudice to renewal.

### III. CONCLUSION

For the reasons stated above, the Court **HEREBY ORDERS** the following:

(1) The Court **DENIES** the temporary restraining order and issues an order to show cause as to why a preliminary injunction should not issue.

(2) The Court sets a hearing on the order to show cause why a preliminary injunction should not issue **on December 6, 2021, at 3:00 p.m**.

   (a) Defendants are directed to file any further opposition to the instant request **by no later than October 27, 2021**.

   (b) Plaintiff shall file any reply **by no later than November 10, 2021**.

   (c) Defendants shall file any sur-reply **by no later than November 17, 2021**.

**IT IS SO ORDERED.**

DATED: October 13, 2021

Hon. Cynthia Bashant
United States District Judge